IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  JADE HARDEN,  Defendant. | 8:13-CR-207  MEMORANDUM AND ORDER |

     This matter is before the Court on the defendant's "Motion to Adjust Prison Payments" (filing 84). That motion will be denied.

     The defendant was sentenced to 40 months' imprisonment and ordered to pay the $100 special assessment and $19,371.60 in restitution. Filing 81. During her term of incarceration, she was ordered to participate in the Bureau of Prisons' Inmate Financial Responsibility Program and, through that program, "pay 50% of the available inmate institutional funds per quarter towards the criminal monetary penalty." Filing 81 at 6.

     The defendant moves the Court to "set aside the ordered . . . payments of $25 per quarter for the remainder" of her sentence. Filing 84. The defendant asserts that she "only makes between $5.25 and $20.00 per month from her work assignment" and that the payments she has been ordered to make "will place a financial hardship" on her mother, "who was left to care for her son in her absence." Filing 84. She also contends that failing to make payments "prohibits the lowering of her custody level and programming opportunities." Filing 84.

     Upon being notified of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution[,]" the Court may "adjust the payment schedule . . . as the interests of justice require." 18 U.S.C. § 3664(k). But the defendant's motion identifies no *immediate* change in her economic circumstances. See *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005). The defendant had already been incarcerated for several months when the Court's restitution order was entered, *see* filing 81 at 2, and the defendant's incarceration and inability to earn much money in prison was contemplated when the Court established the schedule of payments. See *United States v. Banks*, 422 F. App'x 137, 139-40 (3d Cir. 2011). The provision that the defendant "shall pay 50% of the

available inmate institutional funds" takes into consideration the limitations and fluctuation of prison salary. *See id.*

Because the defendant has not shown that her economic circumstances have materially changed from those that the Court anticipated at sentencing, her motion to modify the schedule of restitution payments will be denied.[1]

IT IS ORDERED:

1. The defendant's "Motion to Adjust Prison Payments" (filing 84) is denied.

Dated this 27th day of April, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] The Court notes that to the extent the defendant may be claiming that her payment amount was incorrectly calculated under the Inmate Financial Responsibility Program, such a claim must be filed under 28 U.S.C. § 2241 in the district where the defendant is incarcerated. *See Matheny v. Morrison,* 307 F.3d 709, 711-12 (8th Cir. 2002); *see also*, *Banks*, 422 F. App'x at 140; *United States v. Diggs,* 578 F.3d 318, 320 (5th Cir. 2009); *United States v. Warmus,* 151 F. App'x 783, 786 (11th Cir. 2005).

- 2 -